```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

YOSIF BAKHIT and                  :
KIYADA MILES                      :
                                  :
                                  :
v.                                :   CIV. NO. 3:13CV1049 (JCH)
                                  :
SAFETY MARKING, INC.,             :
MARK KELLY, RAY VEZINA,           :
PHIL BRININGER, JAMES CODY,       :
TOM HANRAHAN, and JEFF PERRA      :
```

RULING ON PENDING DISCOVERY MOTIONS

Pending before the Court is a motion by plaintiffs Yosif Bakhit and Kiyada Miles to compel defendants Safety Marking, Inc., Mark Kelly, Ray Vezina, Phil Brininger, James Cody, Jeff Perra, and Tom Hanrahan (collectively "defendants") to provide certain documents responsive to plaintiffs' first set of interrogatories and requests for production. [Doc. #66]. Defendants oppose plaintiffs' motion. [Doc. #74]. Also pending before the Court is a motion by defendants to compel plaintiffs to provide discovery responses concerning their past employment and plaintiff Bakhit's medical history. [Doc. #81]. Plaintiffs oppose defendants' motion. [Doc. #88]. For the reasons that follow, plaintiffs' motion to compel [Doc. #66] is **GRANTED in part and DENIED in part**, and defendants' motion to compel [Doc. #81] is **DENIED** on the current record.

A. BACKGROUND

Plaintiffs bring their complaint pursuant to 42 U.S.C. §1981, alleging race discrimination and hostile work environment on the basis of race. [Amended Compl., Doc. #78]. Plaintiff Bakhit also alleges constructive discharge and retaliation.

[Id.] Plaintiffs each allege intentional infliction of emotional distress and, also seek punitive damages. [Id.]. Defendants have filed an answer and affirmative defenses. [Doc. #85]. The court presumes familiarity with the factual background of this matter.

**B. APPLICABLE LAW**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

**C. DISCUSSION**

**1. Plaintiffs' Motion to Compel**

Plaintiffs seek to compel the production of: (1) Safety Marking's financial statements and profit and loss statements

from 2008 to the present; (2) insurance policy and declarations sheets, for the individual defendants, including but not limited to homeowners, renters, excess and/or umbrella insurance policies; and (3) wage, salary, bonus and benefits records for the individual defendants and Safety Marking employees in the red and blue teams. The Court will address each request in turn.

### a. *Financial Statements*

Plaintiff first seeks the production of defendant Safety Marking's financial statements and profit and loss statements from 2008 through the present. Defendant Safety Marking objected on the grounds that the subject request "seeks documents that are not relevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs argue that the documents sought are discoverable to support their claim of punitive damages. Defendants counter that while a limited disclosure of a defendant's net worth may be relevant to a punitive damages claim, courts in this Circuit "have routinely deferred the requirement to produce such information until after the punitive damages claims have been tested on summary judgment." [Doc. #74, 3]. Defendants represent that they will seek summary judgment on all of the claims relating to punitive damages.

The Court agrees that the information sought is generally discoverable to support a punitive damages claim. Connors v. Pinkerton's, Inc., No. 3:98 CV 699 (GLG), 1999 WL 66107, at *2 (D. Conn. Feb. 4, 1999). However, "Courts in this circuit are

split on the issue of allowing pretrial disclosure of financial information relevant to a determination of punitive damages. Some permit it. Others have found that such disclosure is premature." McNamee v. Clemens, No. 09 CV 1647(SJ), 2013 WL 6572899, at *8 (E.D.N.Y. Sept. 18, 2013) (citing Pasternak v. Dow Kim, 275 F.R.D. 461, 463 (S.D.N.Y 2011)). Recent cases in this circuit have moreover found that "pre-trial discovery of financial information is premature where the documents sought are 'highly sensitive and confidential' and where 'the need for disclosure may be abrogated by motion.'" McNamee, 2013 WL 6572899, at *8 (citing Pasternak, 275 F.R.D. at 463; Copantitla v. Fiskardo Estiatorio, Inc., 09 CV 1608, 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010)); see also Connors, 1999 WL 66107, at *2 (finding request for financial information premature, and that defendant need not produce the same until the case is trial-ready).

    Here, defendants represent that the information sought is highly confidential and sensitive, and that defendants intend to file a motion for summary judgment on all counts relating to punitive damages. Under the present circumstances, the Court is persuaded by defendants' arguments and case law that plaintiff's request for this information is premature. Accordingly, plaintiffs' motion to compel production of defendant Safety Marking's financial information is **DENIED** on the current record, with leave to re-file after adjudication of defendants'

anticipated motion for summary judgment.[1]

### b. *Insurance Policy and Declarations Sheets*

Plaintiffs next seek the identification and production of the individual defendants' personal insurance policies.[2] Defendants objected to these requests on the basis that they are "irrelevant and not likely to lead to the discovery of admissible evidence." Plaintiffs argue that the information sought is relevant and discoverable and, "routinely provided […] so that the parties may make realistic appraisals of the case so that settlement and litigation strategy are based upon knowledge and not speculation." [Doc. #66-1, 4-5]. Defendants argue generally that plaintiffs seek the policies for an improper purpose.

Muddying this dispute is the fact that neither plaintiffs nor defendants know precisely what the subject insurance policies cover. See Pls. Mt to Compel, Doc. #66-1, 4 ("Homeowner's Insurance, in addition to providing protection for injury to one's home and property, also provides generalized coverage for individual liability for non-vehicular torts… [a personal umbrella insurance policy] may also provide potential coverage of his tortious conduct in this case."); Def. Opp. to Mt. to Compel, Doc. #74 ("While the undersigned does not have

---

[1] Defendants also argue that plaintiffs' request for financial statements is overbroad, and that rather than producing financial statements, a financial affidavit attesting to Safety Marking's present net worth is proper. The Court defers ruling on this issue in light of its denial of plaintiffs' request without prejudice to re-filing.

[2] Defendants Hanrahan, Perra, Vezina, and Cody confirmed at their respective depositions that they are homeowners covered by insurance policies. Defendant Cody further holds a personal umbrella insurance policy. [Doc. #66-1, 4].

copies of any of the individual defendants' homeowners' policies[], it is notable that such policies typically provide personal liability coverage for bodily injury or property damage only, and that bodily injury usually excludes emotional harm or mental anguish, unless such harm is caused by bodily injury."). The Court finds it significant that defendants fail to identify a specific prejudice which would arise from the disclosure of the policies. Moreover, defendants fail to make a representation that the subject insurance policies do not provide coverage for the claims at issue, but rather state the individual defendants will be covered by the insurance policy under which the instant claim has been tendered.[3] In light of the relevance of the information sought, the Court **GRANTS** plaintiffs' motion to compel responses to interrogatories 13 and 14 and requests for production 9 and 13. See, e.g., Yancey v. Hooten, 180 F.R.D. 203, 214 (D. Conn. 1998)(rejecting defendant's argument that request for insurance agreements which may be liable to satisfy all or part of a judgment is irrelevant); Moran v. Designet Int'l, 557 F. Supp. 2d 378, 380 (W.D.N.Y. 2008) (ordering defendants to copy and produce all relevant insurance policies to the extent such were not produced with initial Rule 26 materials). Defendants will provide the information sought within thirty (30) days of this ruling.[4]

---

[3] Defendants have disclosed the insurance policy under which the instant claims have been tendered.

[4] The Court declines, on the current record, to award plaintiffs' their costs for the motion to compel production of insurance information.

### c. *Wage, Salary, Bonus and Benefits Records*

Finally, plaintiffs seek the production of wage, salary, bonus and benefits records for the individual defendants and Safety Marking employees in the red and blue teams. Specifically, plaintiffs note that defendants maintain an objection as to documents concerning compensation for employees in the red and blue teams, and as to the individually named defendants on the red team. Defendants represent that they have agreed to produce this information, and therefore plaintiffs' request is moot. See Doc. 74-6, June 6, 2014 Email from Attorney Geoghegan to Attorney Quintner ("We agree to give you documents containing this information [wage, salary, bonus and benefits records] as it pertains to drivers and laborers (all colored teams) for the years in review. That will include all defendants except James Cody and Mark Kelly[…]").[5] Accordingly, based on defendants' representation, the Court **DENIES** plaintiffs' request as moot.

Therefore, based on the foregoing, the Court GRANTS in part and DENIES in part plaintiffs' motion to compel.

### 2. Defendants' Motion to Compel

Defendants seek to compel the production of documents relating to plaintiffs' past employment, and plaintiff Bakhit's

---

[5] Mark Kelly is the president of Safety Marking. [Am. Compl., Doc. #78, at ¶18]. James Cody was a Superintendent for Safety Marking. [Id. at 22]. Employees at the Blue level are considered "lead men", while employees at the Red level are considered "foremen." [Doc. #66-1, 10]. Accordingly, it appears from the face of plaintiffs' motion that neither Cody nor Kelly is encompassed within the relief requested.

medical records for the term of his employment. The Court will address each request in turn.

### a. *Employment Records*

Defendants seek the production of information and documents concerning plaintiffs' prior employment, claiming they should be permitted to "explore fully Plaintiffs' employment history during the decade prior to their tenure at Safety Marking." [Doc. #82, 6]. Defendants also seek executed "Wage and Employment Authorization" consents for the release of records from plaintiffs' prior employers.

Defendants argue, without citing any supporting case law, that,

> [Plaintiffs'] work histories and experiences at their previous employers may bear on [their claims of having been improperly denied advancement and higher wages] at Safety Marking. Their work histories and experiences at their previous employers may bear on such claims and on Safety Marking's defenses. If Plaintiffs have a history of poor performance, discipline, or strained relationships with coworkers or managements, such evidence may relate to their claims that they were suited to quick advancement through the ranks at Safety Marking. Likewise, their historical wage records may be relevant to claims that they deserve to be placed in higher-paying positions now, as well as to Bakhit's claim for front pay.

[Doc. #82, 6]. Plaintiffs object to defendants' request, and note that defendants' arguments are speculative and assert no good faith basis for believing such information exist.

As an initial matter, the Court notes that defendants' request to "explore fully" plaintiffs' prior employment history is extremely overbroad and encompasses information that has no relevance to the pending litigation, for example, benefit

elections. Defendants' first argument, that if plaintiffs have a history of poor performance, discipline, or strained relationships with prior coworkers, then such evidence may relate to claims that plaintiffs were illsuited for advancement at Safety Marking, is speculative and not compelling. Defendants fail to present any evidence suggesting this information may exist. Further, plaintiffs' performance history with previous employers is not relevant to the issues in this litigation. See Chamberlain v. Farmington Sav. Bank, Civil No. 3:06CV01437(CFD), 2007 WL 2786421, at *3 (D. Conn. Sept. 25, 2007) ("[E]vidence of plaintiff's performance history is neither relevant nor admissible for the purpose of showing that the plaintiff performed poorly in his position with the defendant[…] [] the plaintiff's performance history is not relevant to the issues involved in the current case; rather, at issue is the plaintiff's performance in his position with the defendant."). Therefore, the Court will not compel plaintiffs to provide the requested documents and/or execute the wage and employment authorizations on the record before the Court.

    Defendants' second argument, that plaintiffs' historical wage records may be relevant to claims that they deserve to be placed in higher-paying positions now, as well as to Bakhit's claim for front pay, is similarly un-compelling. The Court does not necessarily agree that the information sought will be relevant to Bakhit's claim for front pay, or to plaintiffs' claims that they deserved placement in higher-paying positions.

Nevertheless, even if this information is relevant, defendants may obtain this information in a less obtrusive manner, for example, by deposing plaintiffs. Accordingly, the Court will not compel plaintiffs to produce these documents and/or execute the wage and employment authorizations on the record now before the Court.

### b. Medical Records

Defendants seek to "explore" plaintiff Bakhit's medical history during his tenure at Safety Marking. [Doc. #82, 6]. Defendants seek this information as a result of deposition testimony by defendant Brininger that plaintiff Bakhit complained of injuries to his testicles that made it difficult to perform physical labor. Brininger, however, was unable to identify the year in which Bakhit made these complaints. Defendants argue that Bakhit "may" have ceased pursuing physical labor as a result of this injury, and such circumstances are relevant to the defenses in this lawsuit. Plaintiffs respond that Bakhit suffered a work-related injury to his testicles on October 5, 2009, and returned to work ten days later on October 15. [Doc. #88, 3]. Plaintiffs further submit that Bakhit worked all of 2012, and did not have any physical issue which would have prevented him from working at the time of his allegedly constructive discharged in 2013. [Id.]. Plaintiffs represent that when defendants depose Bakhit, he will testify to this as it relates to his injury. [Id. at n. 1].

The Court agrees with plaintiffs that there is no basis to

seek additional medical records from Bakhit, where he has not placed his physical condition at issue and all medical records relating to his mental health treatment have been produced. Moreover, on the current record, this request is largely speculative and, based on plaintiffs' representations, will not lead to the discovery of admissible evidence. The Court also agrees that this is an area that may be further inquired into at Bakhit's deposition, which has yet to occur. Accordingly, the Court **DENIES** defendants' motion to compel medical records on the current record, and without prejudice to re-filing should additional information arise supporting defendants' theory that Bakhit may have ceased pursuing strenuous physical labor in light of a physical injury.

D. **CONCLUSION**

Accordingly, plaintiffs' motion to compel [Doc. #66] is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion to compel [Doc. #82] is **DENIED** on the current record. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 9th day of September 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE