```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

YOSIF BAKHIT and               :
KIYADA MILES                   :
                               :
                               :
v.                             :     CIV. NO. 3:13CV1049 (JCH)
                               :
SAFETY MARKING, INC.,          :
MARK KELLY, RAY VEZINA,        :
PHIL BRININGER, JAMES CODY,    :
TOM HANRAHAN, and JEFF PERRA   :
```

ORDER RE: CONDITIONS OF PLAINTIFF'S MENTAL EXAMINATION

After a telephone conference on November 5, 2014, the Court granted defendants' motion for order directing plaintiff Yosif Bakhit ("plaintiff") to submit to a mental examination. [Doc. #112]. The Court indicated it would issue an order regarding the conditions under which the examination would occur following the report back of the parties. [Id.].

On November 13, 2014, the Court received a letter from defense counsel stating,

> [W]e have selected Dr. Andrew Meisler to perform an examination of Mr. Bakhit. Dr. Meisler has proposed a two, to three, hour interview with Mr. Bakhit. He will use the results from the tests that Dr. Timlin-Scalera has already administered. The only additional examination that Dr. Meisler may employ would be a standard personality inventory. At most, the evaluation will require no more than half day of Mr. Bakhit's time.

Although this letter represents that plaintiff's counsel had yet to respond, plaintiff's counsel reported to the Court that he was waiting for defense counsel to specify the testing Dr. Meisler intends to perform and whether defendants will permit someone to be present during plaintiff's examination. On

November 18, 2014, defendants filed a supplemental brief [Doc. #113] concerning the specific circumstances of plaintiff's proposed psychological examination. Defendants object to (1) disclosing the specific test prior to its administration and, (2) the presence of a third-party at plaintiff's psychological examination. Plaintiff responds that counsel has no intention of disclosing the tests to Mr. Bakhit, but requires advance notice for purposes of consulting with his expert to "insure the validity, propriety and relevance of the proposed testing prior to consenting to them, and object or request modification if appropriate." [Doc. #114, 2]. Plaintiff further argues that there is good cause to permit a third party's presence during the Rule 35 examination.[1]

As to disclosure of the testing, defendants represent that Dr. Meisler explained the proposed testing "is designed to examine personality and behavioral traits that could be affecting a person's mental state," and that, "the test is well-known, widely used, and accepted by the psychiatric community." [Doc. #113, 3]. The Court credits these representations where Dr. Meisler "is a practicing clinical and forensic psychologist with a Ph.D. in Clinical Psychology," and "holds clinical faculty appointments in the Departments of Psychiatry at both the Yale University School of Medicine and the University of Connecticut School of Medicine." [Doc. #102, 2]. In light of

---

[1] The parties have agreed on the afternoon of December 3, 2014 for Mr. Bakhit's examination, "subject to disclosure and consent to any proposed psychological testing." [Doc. #114, 1 n. 1].

these representations, and that there is nothing before the Court to suggest that Dr. Meisler will employ harmful or otherwise unorthodox examination techniques, the Court does not believe there is a sound basis for plaintiffs to object to the proposed testing. Accordingly, the Court will not order defendants to disclose the specific nature of the testing in advance of plaintiff's examination.

With respect to the presence of Mr. Bakhit's counsel or paralegal in the examination, defendants cite to a line of case law stating that, "federal courts do not allow an attorney to be present at a plaintiff's psychological evaluation." [Doc. #113, 3]. See, e.g., Favale v. Roman Catholic Diocese, 235 F.R.D. 553, 555-57 (D. Conn. 2006) (citation omitted) ("[M]ost courts start with a presumption against the presence of third persons, and then go on to consider whether special circumstances have been demonstrated in a particular[] case."); Di Bari v. Incaica Cia Armadora S.A., 126 F.R.D. 12, 13 (E.D.N.Y. 1989) (citation omitted) ("The presence of attorneys at psychiatric examinations has been denied in the federal courts because of the special nature of such an examination which relies […] upon unimpeded one-on-one communication between doctor and patient."). Plaintiff argues that unique circumstances exist in this case justifying the presence of Mr. Bakhit's attorney or other representative in the examination. Plaintiff specifically cites to the findings of Dr. Timlin-Scalera's report that Mr. Bakhit becomes very emotional when recounting the events that underlie

this litigation, his "very low IQ", and that English is his second language. Plaintiff further represents that Dr. Timlin-Scalera "has indicated that it would be in Yosif's best interest and facilitate the examination if someone with whom he has a relationship of trust accompanies him." [Doc. #114, 4].

On the current record, and in light of the case law in this Circuit, the Court DENIES plaintiff's request that his attorney or other representative attend his Rule 35 examination. Although a showing of special circumstances or good cause may permit the presence of a third-party at the examination, plaintiff has failed to make such a showing. Indeed, plaintiff does not cite to any case law in support of this position, except for one case where this Court noted it would "consider plaintiff's request that plaintiff's counsel or representative attend the examination," in light of the close relationships and potential bias presented by the examiner and defendant. Ziemba v. Armstrong, No. Civ. 3:98CV2344JCH, 2004 WL 834685, at *1-2 (D. Conn. March 15, 2004). Here no such allegations of bias have been made to suggest that Mr. Bakhit's Rule 35 examination would be improper. Again, there is also nothing before the Court to suggest that Dr. Meisler will employ harmful or otherwise unorthodox examination techniques. To the extent plaintiff relies on his sensitive emotional state as the unique or particular circumstance upon which to permit the presence of a third party, it would appear to be in the best interests of plaintiff's case for Dr. Meisler to elicit Mr. Bakhit's

4

unimpeded emotional response during the examination.

Accordingly, the Court DENIES plaintiff's requests that (1) defendants disclose the specific nature of Dr. Meisler's proposed testing; and (2) plaintiff's counsel or representative be permitted to accompany Mr. Bakhit during the examination. Mr. Bakhit will appear for his Rule 35 examination on the afternoon of December 3, 2014. The examination will last no more than three (3) hours and will be limited to the interview/testing described in defendants' November 13 letter and November 18 supplemental brief. Although Mr. Bakhit's attorney or representative may drive him to the Rule 35 examination, the Court will not authorize the presence of a third party during the examination.

This is not a recommended ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 25th day of November 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE